KATHY M. JONES,                )
                               )
                 Plaintiff,    )
                               )        No. 4:06-CV-1323 CAS
        v.                     )
                               )
MORGAN STANLEY CREDIT          )
CORPORATION, et al.,           )
                               )
                 Defendants.   )

## MEMORANDUM AND ORDER

This matter is before the Court on review of the file. The complaint herein was filed on September 1, 2006. The record does not reflect proof of service of summons and complaint on defendant John Doe, a/k/a J. P. Shepard. See Rule 4(m), Federal Rules of Civil Procedure.

In general, it is impermissible to name fictitious parties as defendants. Phelps v. U.S. Fed. Gov't, 15 F.3d 735 (8th Cir.), cert. denied, 511 U.S. 1114 (1994). "[A]n action may proceed against a party whose name is unknown if the complaint makes allegations specific enough to permit the identity of the party to be ascertained after reasonable discovery." Estate of Rosenberg by Rosenberg v. Crandell, 56 F.3d 35, 37 (8th Cir. 1995) (quoting Munz v. Parr, 758 F.2d 1254, 1257 (8th Cir. 1985)). "If discovery identifies other persons who should be named as defendants, it will be simple enough for plaintiff to add them by amendment, after properly securing leave of court." Id. In such a case, rather then dismissing a claim, a court should order the disclosure of the John Doe party's identity by other defendants named and served, or permit the plaintiff to identify the person through discovery. Munz, 758 F.2d at 1257.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff is granted leave to promptly ascertain through appropriate discovery requests the identity of the John Doe defendant, <u>see</u> Fed. R. Civ. P. 26(d), and file proof of service upon him within forty-five (45) days of the date of this Order. The named and served defendants shall cooperate with plaintiff in the discovery process. Upon learning the identity of the John Doe defendant, plaintiff may then properly seek leave of Court to amend her complaint to add him as a party.

**Failure to comply fully and timely with this order will result in dismissal without prejudice of the claims against defendant John Doe, a/k/a J. D. Shepard pursuant to Fed. R. Civ. P. 4(m).**

**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  3rd  day of April, 2007.